IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEWPORT MURRIETA
LAND CO.,
      Plaintiff,                                No. CIV S-12-0875 GEB DAD PS

    vs.

SHERRI ADAMS,                           ORDER AND
                                                  FINDINGS AND RECOMMENDATIONS
      Defendant.

_____/

        By Notice of Removal filed April 5, 2012, this unlawful detainer action was removed from the Solano County Superior Court to this court by defendant Sherri Adams, who is proceeding pro se and who has filed an application to proceed in forma pauperis. On April 9, 2012, plaintiff's counsel filed a motion for remand and set the matter for hearing before the undersigned on May 25, 2012.[1] This matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also

---

[1] The motion for remand was originally noticed for hearing on May 18, 2012, and later re-noticed for hearing on May 25, 2012, due to the court's unavailability on May 18, 2012.

1

1  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v.
2  Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if
3  there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d
4  564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party
5  invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.
6  1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also
7  Provincial Gov't of Martinduque, 582 F.3d at 1087.  Moreover, "the existence of federal
8  jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to
9  those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d
10 1108, 1113 (9th Cir. 2000).  Where it appears, as it does here, that the district court lacks subject
11 matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

12         In removing this action, defendant alleges in conclusory fashion that "[f]ederal
13 question jurisdiction exists because Defendants' demurrer, a pleading, depend (sic) on the
14 determination of Defendants' rights and Plaintiff's duties under federal law." (Notice of
15 Removal (Doc. No. 1) at 3.)  In this regard, defendant argues that the Solano County Superior
16 Court did not sustain her demurrer, in violation of 12 U.S.C. § 5220.  (Id. at 2.)

17         It is evident however from a reading of plaintiff's complaint that this is nothing
18 more than a garden-variety unlawful detainer action filed against the former owner of real
19 property located in California and that it is based wholly on California law.  As such, the
20 complaint does not involve any "claim or right arising under the Constitution, treaties or laws of
21 the United States" that would have permitted plaintiff to file this action originally in federal
22 court. See 28 U.S.C. § 1441(b).  Moreover, it is evident from defendant's argument that any
23 federal claims in this action arise solely from defendant's own affirmative defenses and not from
24 the plaintiff's unlawful detainer complaint.  Thus, defendant has failed to meet her burden of
25 establishing a basis for federal jurisdiction over this action.
26 /////

Accordingly, IT IS ORDERED that the hearing on plaintiff's motion to remand (Doc. No. 4) is vacated, and that motion is dropped from the court's May 25, 2012 law and motion calendar.[2]

IT IS RECOMMENDED that:

1. Defendant's April 5, 2012 application to proceed in forma pauperis (Doc. No. 2) be denied;

2. This action be summarily remanded to the Superior Court of California, County of Solano; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: April 20, 2012.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\newport0875.ifpden.f&r.remand.ud

---

[2] The motion may be re-noticed for hearing if this case is not remanded by the assigned District Judge.